UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ARACELIS TRINIDAD,

        Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

        Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ARACELIS TRINIDAD ("Trinidad"), brings this action against Defendant, HARTFORD FIRE INSURANCE COMPANY ("Hartford"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Trinidad was a resident of Florida and an "employee" of Defendant as defined by the FLSA.

3. At all times material hereto, Hartford was a foreign corporation that regularly transacted business in Broward County, Florida.

4. Hartford's business involves insurance.

5. Hartford has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

6. Upon information and belief, Hartford's gross sales or business done was in excess of $500,000 per year at all times material hereto.

7. Hartford was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8. At all times material hereto, Trinidad engaged in interstate communication on a regular and recurring basis including but not limited to phone communication with customers in Washington, Maryland, New York, New Jersey, Texas, Oklahoma, California, and other places.

9. Trinidad engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

10. Trinidad worked for Hartford as a senior benefits manager.

11. Hartford failed to pay Trinidad's full and proper overtime wages.

12. Hartford knowingly and willfully refused to pay Trinidad's legally-entitled wages.

13. Attached as **Exhibit A** is a preliminary calculation of Trinidad's claims. These amounts may change as Trinidad engages in the discovery process.

14. Trinidad retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST DEFENDANT HARTFORD

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791